**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 30 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMAR GALLARDO-TORRES, | No. 16-71810 |
| Petitioner, | Agency No. A200-876-865 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 16, 2018
Portland, Oregon

Before: TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Petitioner Omar Gallardo-Torres petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of asylum, withholding of removal, and CAT protection. We have

jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** *Protected Social Group.*  The IJ and BIA found that Gallardo-Torres had faced past persecution based on an experience in Michoacán, Mexico when Gallardo-Torres was seventeen.  Members of a drug cartel shot Gallardo-Torres twice and shot his brother more than twenty times, ultimately killing his brother. The IJ and BIA, however, did not find that persecution occurred on account of Gallardo-Torres's membership in a protected social group.

The agency's conclusion that Gallardo-Torres was not a member of the protected social group of "relatives of former drug cartel members" is not supported by substantial evidence.  The BIA acknowledged that Gallardo-Torres's testimony provided some evidence pertaining to his membership in the group, but stated that Gallardo-Torres's testimony "represented a vague, subjective belief and is untethered to other objective evidence that would establish such a link."  This factual determination does not recognize or acknowledge that Gallardo-Torres's asylum application—which he testified was accurate—stated that Gallardo-Torres's brother was involved with a group of criminals, which did not have a name at that time, but he "think[s] they are part of 'La Familia Michoacana' now." Gallardo-Torres additionally stated in his application that his older brother was involved in drug trafficking and described how his brother had refused to involve his friends and family in such activity, thereby angering the drug dealers.

2

Given the details in Gallardo-Torres's asylum application that describe his brother's membership in a drug cartel, coupled with his testimony that his brother was "possibly" in a drug cartel, any reasonable adjudicator would be compelled to conclude that Gallardo-Torres established his membership in the social group "family members of former drug cartel members."  8 U.S.C. § 1252(b)(4)(B*); INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).  Gallardo-Torres affirmed the contents of his application under oath and the IJ found his testimony credible.  Gallardo-Torres presented sufficient evidence to establish his membership in this social group, as his asylum application and testimony were "credible, persuasive, and refer[ ] to specific facts."[1]  8 U.S.C. § 1158(b)(1)(B)(ii).

The BIA and IJ did not err in analyzing Gallardo-Torres's other proposed social groups and determining that none of them was cognizable.  The agency's determination that the particular social group "witnesses who report drug cartel violence" lacks social distinctiveness is supported by substantial evidence.  *Cf. Matter of M-E-V-G-*, 26 I&N Dec. 227, 230-33, 237 (BIA 2014).  *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) is distinguishable because there

---

[1] The IJ determined that even if Gallardo-Torres was a member of the above group, he did not present evidence from which it was reasonable to believe that his membership in this group was a central motivating factor for his persecutors.  The BIA, however, did not address this part of the IJ's decision.  On remand the BIA may consider this issue in the first instance.  *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002).

3

the proposed social group consisted of those who had testified against gang violence and record evidence supported that Salvadoran society viewed those who testified against gang violence as a group. *Id.* at 1091-92. Additionally, while *Henriquez-Rivas* concluded that social visibility may be viewed from the perspective of the persecutor, we have since extended deference to the BIA's precedential ruling that social distinction is viewed from the perspective of the society writ large. *See Garay Reyes v. Lynch*, 842 F.3d 1125, 1136-37 (9th Cir. 2016) (deferring to the BIA's interpretation in *Matter of M-E-V-G-*, 26 I&N Dec. at 242).

Substantial evidence also supports the BIA's determination that the proposed group "landowners in Mexico" is not socially distinct or particular. *Cf. Matter of M-E-V-G-*, 26 I&N Dec. at 241. Lastly, the proposed group "deportees from the United States to Mexico with close family ties in the United States" lacks particularity. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

**2.** *Internal Relocation.* The BIA also affirmed the IJ's determination that Gallardo-Torres could internally relocate within Mexico, thereby rebutting any presumption of past persecution of a protected social group. In making this determination, the IJ and subsequently the BIA erred in failing to consider all the factors set forth in the governing regulations. 8 C.F.R. § 1208.13(b)(3) (asylum); 8

4

C.F.R. § 1208.16(b)(3) (withholding of removal). The record evidence shows ongoing civil strife, such as wide-spread kidnappings and that Gallardo-Torres's social situation changed as a result of his mother's death and his brother Juan's attempt to leave the country. The BIA erred as a matter of law by failing to consider all of the relevant factors as required by the applicable regulations. *See Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010); *see also Knezevic v. Ashcroft*, 367 F.3d 1206, 1215 (9th Cir. 2004) (remanding the issue of reasonable internal relocation to the BIA because the "IJ failed to take into account the numerous factors for determining reasonableness"). Accordingly, we remand for the BIA to consider all relevant internal relocation factors in addition to whether Gallardo-Torres experienced past persecution on the basis of his membership in the social group of "close family members of former drug cartel members."[2]

**3.** *Convention Against Torture.* Finally, the BIA affirmed the IJ's determination that Gallardo-Torres was not eligible for relief under CAT because Gallardo-Torres lived safely within Mexico after his brother's death. In determining whether to grant relief under CAT, the agency must consider *all relevant evidence*, and no one factor is determinative. *Maldonado v. Lynch*, 786

---

[2] If, on remand, the BIA determines that there is past persecution on account of a protected social group but that internal relocation is possible, it should then consider Gallardo-Torres's humanitarian asylum claim under 8 C.F.R. § 1208.13(b)(1)(iii).

F.3d 1155, 1164 (9th Cir. 2015) (en banc); 8 C.F.R. § 1208.16(c)(3). Here the BIA and IJ based their CAT determinations on the fact that Gallardo-Torres had previously lived safely in Mexico, without mentioning highly probative evidence that conditions may have changed since Gallardo-Torres lived in Mexico such as his friend Alfredo's murder and an increasing number of kidnappings targeted at wealthy outsiders. *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). This was legal error. We grant the petition and remand so that the agency may consider all relevant 8 C.F.R. § 1208.16(c)(3) factors in making its CAT determination. *Id.; see also Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).

**GRANTED AND REMANDED.**